WELD and others, by guardian *ad litem*, Appellants, vs. THE JOHNSON MANUFACTURING COMPANY, Respondent.

*January 11 — April 11, 1893.*

(1–3) *Sale of lands of wards: Failure of guardian to give proper bond: Confirmation; Waiver.* (4–6) *Motion for rehearing: Affidavits: Suggestion of new defense: Modification of judgment to allow new trial.*

1. The bond of a guardian on the sale of lands of her wards recited that she had been licensed " to sell all the real estate of [their deceased father], to wit," specifically describing certain lands. The condition of the bond was that she should account for the proceeds of sale " of said real estate," etc. *Held,* that such bond did not apply to the sale of any lands other than those specifically described, and, there being no other bond, a sale of other lands of the wards (which had belonged to their father) was void under sec. 3919, R. S.

2. The confirmation of a sale of the lands of wards does not validate it if any of the proceedings specified in sec. 3919, R. S., were omitted.

3. The proceedings specified in sec. 3919, R. S., are, as to the ward, all adversary proceedings required for his protection, and none of them can be waived by the guardian so as to bind the ward by such waiver, and the ward may always be heard to allege that any of them have been omitted. *Mohr v. Porter,* 51 Wis. 487, distinguished.

4. On a motion for a rehearing, affidavits outside of the record cannot be considered.

5. The existence of a defense which was not pleaded nor litigated being suggested to this court on a motion for a rehearing, it modifies its judgment (which directed a judgment for plaintiffs) so as to authorize the trial court, in its discretion and on proper terms, to allow the defendant to amend the answer and to grant a new trial. This is done although the action is ejectment and defendant would be entitled to a second trial on complying with the statutory terms (R. S. sec. 3092).

6. Such a suggestion of the existence of an additional defense need not be by affidavit. The statement of counsel is sufficient.

APPEAL from the Circuit Court for *Shawano* County. The action is ejectment to recover an undivided one half of thirteen forty-acre lots of land in Shawano county, and

damages for the value of certain timber cut upon and removed therefrom by the defendant company.

The plaintiffs are the minor children and only heirs at law of Julius T. Weld, who died intestate in July, 1888, seised of the lands claimed. The other undivided half thereof was owned by one R. S. Johnson. Julius T. Weld also died seised of other lands in Shawano county, and of certain lands in Waupaca county. His widow, Ada L. Weld, was duly appointed guardian of the persons and estates of her children, the plaintiffs.

In August, 1888, the guardian applied to the county court of Waupaca county, or the judge thereof, for a license to sell all the real estate inherited by the plaintiffs from their father, and obtained a license to do so. Such sale was made in October, 1888, to R. S. Johnson, and was afterwards confirmed by the county court, and a deed of the land thus sold was executed by the guardian to Johnson, pursuant to such sale. Immediately thereafter, Johnson and his wife executed a deed of the lands in controversy (together with other lands) to the defendant, the *Johnson Manufacturing Company*. The defendant company has taken considerable quantities of timber from the lands claimed in this action. In 1890, Mrs. Weld conveyed her unassigned dower interest in such lands to Johnson. The foregoing facts are undisputed. The only question litigated in the trial was, Is the guardian's deed of the lands in controversy a valid conveyance of such lands to Johnson? The grounds upon which the validity of such instrument is denied by plaintiffs are sufficiently stated in the opinion. The court held the conveyance valid, and gave judgment for the defendant. Plaintiffs appeal from the judgment.

For the appellants there was a brief by *Phillips & Kleist*, attorneys, and *Gary & Forward*, of counsel, and oral argument by *J. C. Kleist* and *Geo. Gary*. They argued, among

other things, that all the proceedings specified in sec. 3919, R. S., must appear by proof or legal inference, or the sale is void.  *Chase v. Ross*, 36 Wis. 267; *McCrubb v. Bray*, id. 333, 339; *Mohr v. Porter*, 51 id. 487, 500; *Melms v. Pfister*, 59 id. 186, 194. The bond in this case does not include the lands in controversy, and there is no bond for them. This omission is fatal. *Stewart v. Bailey*, 28 Mich. 251; *Ryder v. Flanders*, 30 id. 336; *Babcock v. Cobb*, 11 Minn. 347. The sureties are not liable for the proceeds of lands omitted from the bond. *Tomlinson v. Simpson*, 33 Minn. 443.

*F. C. Weed*, attorney, and *Geo. W. Bird*, of counsel, for the respondent.

The following opinion was filed January 31, 1893:

Lyon, C. J. The controlling question in the determination of this case is whether the deed executed by the guardian of the plaintiffs to Johnson is a valid conveyance to him of the lands in controversy. If the question be answered in the affirmative, the judgment is right; if in the negative, it cannot be upheld.

Several irregularities and defects in the procedure which preceded the attempted sale of the land and the confirmation thereof, either of which, it is claimed, is fatal to the validity of the sale, are alleged on behalf of plaintiffs. One of these is, we think, well taken, and hence the others will not be noticed. Such defect is the want of a proper bond, as required by sec. 4004, R. S.

In the only bond given it is recited that " whereas, the above bounden Ada L. Weld, in her capacity of guardian, has been licensed by an order of the said county court made on the 8th day of October, A. D. 1888, to sell all the real estate of said J. T. Weld, to wit, commencing at a point," etc. Then follows a description of certain lands in Wau-

paca county. No mention is made therein of any lands in Shawano county. The condition of the bond is as follows: "Now, therefore, if the said Ada L. Weld do and shall justly and truly account for all the proceeds of sale of said real estate, and dispose of the same according to law, and perform all orders and decrees of said court by her to be performed in the premises, then this obligation shall be void; otherwise to remain in full force and virtue." That this is a bond for the proper performance by the guardian of her duty in respect to the sale of the Waupaca county lands described therein, and those only, scarcely admits of doubt. There is nothing in the bond to show that the license of sale included lands in Shawano county, or that any such lands belonged to the estate of Weld. A perusal of the bond fails to suggest to the mind anything of the kind, and a fair construction of the terms of the instrument excludes from its operation all lands not specifically described therein. To give the instrument this construction does not require resort to the rule, often and recently laid down by this court, that the obligation of the surety is *strictissimi juris* and nothing can be taken against him by intendment or inference. *State v. McFetridge, ante,* p. 473, and cases there cited. True, the recital in the bond is that the guardian had been licensed to sell *all* the real estate of her intestate, but the fair inference from what follows therein is that the lands in Waupaca county, specifically described in the bond, are all of such real estate. We are clearly of the opinion that the surety in such bond cannot be held liable thereon for any failure of duty by the guardian in respect to the sale or disposition of the proceeds of the lands in controversy. It follows that the guardian, as to the lands here claimed, has failed entirely to give the bond required by sec. 4004 and by the license of sale.

The effect of the failure to give the bond in question is clearly indicated in sec. 3919, R. S., which is as follows: "In case of an action relating to any estate sold by an executor, administrator, or guardian, in which an heir or other person claiming under the deceased, or in which the ward or any person claiming under him, shall contest the validity of the sale, it shall not be avoided on account of any irregularity in the proceedings, provided it shall appear (1) that the executor, administrator, or guardian was licensed to make the sale by the county court having jurisdiction; (2) that he gave a bond which was approved by the county court before the sale; (3) that he took the oath prescribed by law; (4) that he gave the notice of the time and place of sale as prescribed by law; (5) that the premises were sold accordingly, and the sale confirmed by the court, and that they are held by one who purchased them in good faith." The construction of the section is plain. It is that, after confirmation of a sale, the same shall be valid as to a *bona fide* purchaser if there was a legal license, bond, oath, notice of sale, and sale pursuant to the notice, even though irregularities in other particulars may have intervened; but that, failing either of those specific requirements, the sale is invalid, just as it would have been had the statute not been enacted. It may be that failure of confirmation alone would not invalidate the sale; but, if not, it would doubtless take the sale out of the provisions of sec. 3919, and leave its validity to be tested by common-law rules. The only effect that can properly be given to confirmation is to bring the sale within the curative provisions of the statute.

It results from the foregoing views that the sale of the lands to Johnson is invalid for want of a bond, and hence that the deed thereof, executed by the guardian to him pursuant to such sale, conveyed no title, and the title which descended to plaintiffs on the death of their father

remains in them, and they may recover the land in this action, together with the value of the timber defendant has taken therefrom.  R. S. sec. 3082.

Counsel for defendant rely upon the case of *Mohr v. Porter*, 51 Wis. 487, to sustain this judgment.  In that case the guardian of an insane person, upon a proper petition, had obtained license from the county court to sell the real estate of his ward to pay his debts and the expenses of managing his estate.  The guardian sold and conveyed such real estate, and duly accounted to the court for the proceeds thereof.  After the ward became *compos mentis*, and his disabilities were removed, he brought the action to recover a portion of the lands thus sold and conveyed by his guardian.  The order to show cause why the guardian should not be licensed to sell the lands of the lunatic was not published the length of time required by the statute. This court held (COLE, C. J., dissenting) that the defect in the publication of such notice did not go to the jurisdiction of the court of the subject matter of the proceeding, but only to its jurisdiction of the person of the ward, and that, as to him, the proceeding to obtain such license was not adversary, and he was represented therein by his guardian, whose petition gave the court jurisdiction of his person.

The above case overrules that of *Mohr v. Tulip*, 40 Wis. 66, which arose out of the same proceedings in question in *Mohr v. Porter*.  It was held in *Mohr v. Tulip* that the defective publication of the order to show cause why the guardian should not be licensed to sell the real estate of his ward went to the jurisdiction of the court over the subject matter of the proceeding, and rendered the sale pursuant to the license thus obtained invalid.  The case was decided by Mr. Justice COLE and the writer of this opinion. After that decision the supreme court of the United States decided the case of *Mohr v. Manierre*, 101 U. S. 417, which rejects the rule of *Mohr v. Tulip*, and adopts the rule held

in *Mohr v. Porter.* In addition to the desirability of uniformity of decision by the state and federal courts on a rule of property, subsequent reflection satisfied the writer that the rule of *Mohr v. Manierre* is the true one, and so he concurred in the judgment in *Mohr v. Porter.*

But the reason of the rule adopted in *Mohr v. Porter* does not extend to defects of procedure in the matters specified in sec. 3919. All those are, as to the ward, adversary proceedings required for his protection, and one of the most important and indispensable of them is that the guardian shall give the bond required by sec. 4004. None of those proceedings can be waived by the guardian so as to bind the ward by such waiver, and the latter may always be heard to allege that any of them have been omitted. The *Mohr Cases,* above cited, hold nothing to the contrary.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to find the value of the timber taken from the lands in controversy by the defendant company, taking additional testimony on that subject if the court deems it necessary to do so, and to render judgment for the plaintiffs as indicated in this opinion.

The following opinion was filed April 11, 1893:

LYON, C. J. The defendant moves for a rehearing of this cause, not for any alleged error in the decision and judgment heretofore made and entered therein, but upon an affidavit of facts outside the record, which it is claimed constitutes a valid defense to the action. Such alleged facts are not set up in the answer, were not litigated on the trial, nor mentioned in the argument of the case in this court. Affidavits outside the record cannot be considered on a motion for rehearing, and the motion must necessarily be denied.

Weld and others vs. The Johnson Mfg. Co.

Had the suggestion been made in the argument of the case that defendant had a defense to the action which had not been pleaded or litigated, it is quite probable the judgment of this court would have provided that, on motion and proper terms, the circuit court might in its discretion, if good cause was shown therefor, allow the answer to be amended, and, if necessary, award a new trial; but this court would not, at that stage of the proceedings, definitely determine whether the defense suggested was valid, or, if so, whether the defendant ought to be relieved against his failure to plead and litigate it. These questions must first be considered and determined by the trial court. All this court will do is to give that court authority to do so. We perceive no valid objection to giving the same authority when the existence of an additional defense is first suggested in the argument of a motion for a rehearing. For this purpose no affidavit is required. Statement of counsel is sufficient. Hence, although we deny the motion for rehearing, the judgment of this court will be so modified as to authorize the circuit court, in its discretion, if a proper case therefor be made, to allow defendant, on proper terms, to amend its answer by adding thereto additional defenses, if it can satisfy the court it has any, and to award a new trial. In making this modification of the judgment we do not pass upon or consider the validity or sufficiency of the suggested defense.

Such modification of the judgment is of little practical importance in this case, for the action is ejectment and the defendant is entitled to a new trial under the statute, on complying with the prescribed terms. On such new trial it could move for, and it would be competent for the court to grant, leave to interpose additional defenses; but we think the defendant should be allowed to make such application to the circuit court without being compelled first to com-

ply with such statutory terms; hence the modification of the judgment.

*By the Court.*— The motion for a rehearing is denied, with $25 costs. The judgment will be amended as above indicated.